UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOHN ROBERT BADGER** | **CIVIL ACTION NO. 22-3617** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **OUACHITA PARISH SHERIFF'S OFFICE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff John Robert Badger, who proceeds pro se and in forma pauperis, filed this proceeding on approximately August 23, 2022, under 42 U.S.C. § 1983. He names the following defendants: Ouachita Parish Sheriff's Office and Court Officer John.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that he was falsely arrested and publicly humiliated on April 19, 2022. [doc. #s 1, p. 4; 5-1, p. 15]. He also claims retaliatory arrest, alleging that he was arrested to "ruin [his] campaign and [his] good name." [doc. #s 5, p. 3; 5-1, p. 15]. He is running for congress. [doc. # 5, p. 2].

Plaintiff was charged with simple cruelty to animals, resisting an officer (false identity), and criminal trespassing. [doc. # 5-1, pp. 1, 2, 4]. Records reveal that Plaintiff pled guilty to the charges and was thus convicted. *Id.* at 1, 14. That said, Plaintiff maintains that he never pled guilty. [doc. # 5, p. 3].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff claims that he "did not receive proper health care after letting [Ouachita Correctional Center ('OCC')] know that [he] was a diabetic." *Id.*

Plaintiff claims that "Court Officer John used racist profile language by stating you people need to grow up referring to people of color and pull your pants up. [sic]." *Id.* He also claims that Court Officer John argued with a judge "about a missed court date that was excused." *Id.*

Plaintiff alleges that on April 19, 2022, a booking officer at OCC called him a "fat dumb a**[,]" referenced Plaintiff's race, and threatened to drag him down a hall. *Id.* at 5.

Plaintiff states that because he was placed in the back of a police vehicle which was too small "for [him] to fit[,]" he suffered a severe swollen right shoulder and injuries to his knee and back. *Id.* He also alleges that handcuffs were "placed on [his] wrists very tightly." *Id.*

Plaintiff asks the Court to award him $350,000.00, order Sheriff Jay Russell to publicly apologize, and remove officers "from the force." *Id.* at 6.

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the

unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Court Officer John**

Plaintiff claims that "Court Officer John used racist profile language by stating you people need to grow up referring to people of color and pull your pants up. [sic]." [doc. # 1, p. 4].

Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Allegations of mere verbal abuse simply do not give rise to a cause of action under Section 1983.[2] *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Siglar*, 112 F.3d at 191; *Matthews v. LeBlanc*, 2022 WL 2951759, at *1 (5th Cir. July 26, 2022) ("Though inmates have the constitutional right to be free of racial discrimination, mere allegations of verbal abuse or

---

[2] *See Gressett v. New Orleans City*, 779 F. App'x 260, 261 (5th Cir. 2019) (concluding, where the plaintiff alleged that an officer stood in his way, insulted him while holstering his taser and revolver, threatened him, and intimidated him, that though the officer's actions "may be unprofessional" and amounted to an "excess of zeal," they "did not violate [the plaintiff's] Fourteenth Amendment rights" and did not "constitute an abuse of power that 'shocks the conscience.'").

epithets, reprehensible though they may be, do not amount to a cognizable constitutional violation under Section 1983."). Plaintiff does not state a claim of constitutional dimension; the Court should dismiss this claim.

Next, Plaintiff claims that Court Officer John was "aggressively trying" to convict him by arguing with a judge "about a missed court date that was excused." [doc. # 1, p. 4].

Plaintiff's claim is impermissibly vague and, therefore, does not amount to a plausible claim. The undersigned previously instructed Plaintiff to: (1) provide a separate description of what, exactly, each defendant did to violate his rights and (2) provide a description of the injury or harm, if any, sustained because of each alleged violation. [doc. # 4, p. 2]. Plaintiff filed an amended pleading, but he did not clarify this claim against Court Officer John or otherwise explain how the defendant's alleged actions violated federal law or Plaintiff's constitutional rights.[3] The Court should dismiss this all-too-conclusory claim.

### 3. Entity Unamenable to Suit

Plaintiff names Ouachita Parish Sheriff's Office as a defendant. Federal Rule of Civil

---

[3] Even assuming Plaintiff amended and claimed, for instance, that defendant's actions violated due process relating to Plaintiff's state criminal proceedings and subsequent convictions, the undersigned would recommend dismissing Plaintiff's claim under the *Heck* doctrine. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); *see also Juarez v. Twenty Five Ct. Officers*, 585 F. App'x 358, 359 (9th Cir. 2014) ("To the extent that Juarez alleges a claim against '25 court officers' for violations of his due process rights in connection with his criminal prosecution, dismissal was proper because success on the merits of Juarez's claim would necessarily imply the invalidity of his conviction or sentence enhancement, and Juarez failed to allege that his conviction or sentence enhancement has been invalidated."). Of note, Plaintiff contends that he did not plead guilty, but he does not contest that he was convicted. The undersigned confirmed that Plaintiff was convicted of all three charges. TELEPHONE CALL TO DISTRICT ATTORNEY, 4TH JUDICIAL DISTRICT (September 27, 2022).

Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Ouachita Parish Sheriff's Office does not qualify as a juridical person. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."). Accordingly, the Court should dismiss Plaintiff's claims against this entity.

**4. Conclusory Claims**

Plaintiff presents the following claims: (1) false arrest; (2) retaliatory arrest; (3) failure to provide health care; (4) a booking officer called him a "fat dumb a**[,]" referenced his race, and threatened to drag him down a hall; (5) he was placed in the back of a police vehicle which was too small "for [him] to fit"; and (6) handcuffs were "placed on [his] wrists very tightly."

Plaintiff, however, does not identify a responsible defendant. Plaintiff names only two defendants: Court Officer John and Ouachita Parish Sheriff's Office. As above, Ouachita Parish Sheriff's Office is unamenable to suit. And Plaintiff does not allege that Court Officer John is responsible for any of the six claims above.

The undersigned specifically instructed Plaintiff to: (1) provide a separate description of what, exactly, each defendant did to violate his rights; (2) as to his claim of wrongful arrest, identify a responsible defendant; (3) as to his claim of lack of medical care, identify a responsible defendant; and (4) as to his allegations concerning injuries in the police vehicle and

tight handcuffs, identify a responsible defendant.[4] [doc. # 4, p. 2]. Plaintiff did not heed the undersigned's instructions. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant).[5] Accordingly, the Court should dismiss these claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff John Robert Badger's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

---

[4] The undersigned also advised Plaintiff thusly: "[T]he Ouachita Parish Sheriff's Office is not a proper defendant. Plaintiff should specify if he intends to name the sheriff—as opposed to the Sheriff's Office—as a defendant." [doc. # 4, p. 3].

[5] *See also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("The court disregards bare assertions of collective responsibility, unsupported by concrete factual allegations."); *Jones v. Hosemann*, 812 F. App'x 235, 238–39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 29th day of September, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge